■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO JARMON, Appellant. [610 NYS2d 118] —Judgment unanimously affirmed. Memorandum: We conclude that the evidence is sufficient to support defendant's conviction for perjury in the first degree based on the fourth count of the indictment, which charged defendant with falsely testifying that "LaMarr Scott shot Torriano Jackson." Although defendant did not use the exact words charged in the indictment,

the evidence established that defendant falsely testified that LaMarr Scott was at the scene shooting a machine gun and the clear implication of that testimony was that LaMarr Scott shot Torriano Jackson. Defendant does not have a valid *Bronston* defense *(see, Bronston v United States,* 409 US 352) because his testimony was false, not literally true but misleading by implication.

The joint trial of defendant with Leonard Brown, who was charged with the identical four counts of perjury before the Grand Jury, was proper under CPL 200.40 (2) and did not prejudice defendant despite the fact that Leonard Brown actually testified before the Grand Jury that LaMarr Scott shot Torriano Jackson.

Considering defendant's prior criminal history and the serious nature of defendant's attempt to frustrate the murder investigation, we find that the sentence was neither harsh nor excessive. (Appeal from Judgment of Erie County Court, D'Amico, J.—Perjury, 1st Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Boehm, JJ.